1  STEPTOE & JOHNSON LLP
2  Robyn C. Crowther (Bar No. 193840)
   633 West Fifth Street, Suite 1900
3  Los Angeles, California 90071
4  Telephone: (310) 439-9400
   Facsimile: (310) 439-9599
5  rcrowther@steptoe.com

6
   Michael Dockterman (*admitted pro hac vice*)
7  Mikiko Thelwell (*admitted pro hac vice*)
   115 South LaSalle Street, Suite 3100
8  Chicago, Illinois 60603
9  Telephone: (312) 577-1300
   Facsimile: (312) 577-1370
10 mdockterman@steptoe.com
11 mthelwell@steptoe.com

12
   Attorneys for Defendant
13 PUBLICIS MEDIA FRANCE, S.A.

14
               **UNITED STATES DISTRICT COURT**
15
         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
16

17 ALCON ENTERTAINMENT, LLC,           CASE NO. 2:19-cv-00245 CJC (AFMx)
18 a Delaware limited company,
                                       Hon. Cormac J. Carney
19         Plaintiff,
20     v.                              **MEMORANDUM OF POINTS AND**
                                       **AUTHORITIES IN SUPPORT OF**
21 AUTOMOBILES PEUGEOT SA, a           **PUBLICIS MEDIA FRANCE, S.A.'S**
22 France societe anonyme; et al.      **FED. R. CIV. P. 12(B)(2) MOTION TO**
                                       **DISMISS FOR LACK OF PERSONAL**
23         Defendants.                 **JURISDICTION**

24
                                       **Hearing:**    **August 26, 2019**
25                                     **Time:**       **1:30 p.m.**
26                                     **Courtroom:**  **7C**

27

28

PUBLICIS MEDIA FRANCE, S.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS
**PAGE**

I. INTRODUCTION ...................................................................................... 1
II. FACTUAL ALLEGATIONS ..................................................................... 2
    A. The Parties ...................................................................................... 2
    B. Alcon's Bases for Asserting Personal Jurisdiction ......................... 4
III. LEGAL STANDARD ................................................................................ 5
IV. ARGUMENT .............................................................................................. 7
    A. General Jurisdiction Is Not Appropriate over Publicis Media France Because Its California Contacts Are Not So Continuous or Systematic as to Render It "At Home" in California ....................... 7
    B. Publicis Media France Did Not Purposefully Avail Itself of California Benefits in Order To Establish Specific Jurisdiction ......... 10
        1. Alcon's Tort Theory Does Not Establish Jurisdiction .............. 11
        2. Alcon's Contract Theory Does Not Establish Jurisdiction ....... 13
V. CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AM Tr. v. UBS AG*,
  681 F. App'x 587 (9th Cir. 2017) ........................................................................ 8

*Cubbage v. Merchent*,
  744 F.2d 665 (9th Cir. 1984) ............................................................................. 14

*Dillon v. Avis Budget Grp., Inc.*,
  No. CV 18-3870-MWF (JCX), 2018 WL 3475529
  (C.D. Cal. July 13, 2018)00001 ..................................................................... 8, 11

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ................................................................................. 6, 7, 8

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*,
  820 F.2d 1439 (9th Cir. 1987) ........................................................................... 13

*HK China Grp., Inc. v. Beijing United Auto. & Motorcycle Mfg.
  Corp.*,
  417 F. App'x 664 (9th Cir. 2011) ................................................................ 10, 13

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ............................................................................................ 6

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*,
  757 F.2d 1058 (9th Cir. 1985) ........................................................................... 14

*Peterson v. Kennedy*,
  771 F.2d 1244 (9th Cir. 1985) ........................................................................... 12

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ......................................................................... 6, 9

*Roth v. Garcia Marquez*,
  942 F.2d 617 (9th Cir. 1991) ............................................................................. 12

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ......................................................... 6, 12, 13, 14

*Smartstop Self Storage Operating P'ship L.P. v. Can-Dev, ULC*,
   No. SACV1501415CJCDFMX, 2015 WL 13322430 (C.D. Cal.
   Oct. 26, 2015) ................................................................................6, 7, 10, 12, 14

*T-4 Corp. v. McDonald's Corp.*,
   No. CV 17-08-M-DLC, 2017 WL 3037422 (D. Mont. July 17,
   2017), appeal dismissed, No. 17-35652, 2017 WL 5565259 (9th
   Cir. Nov. 7, 2017) ........................................................................................3, 9

*Tahaya Misr Investment, Inc. v. Helwan Cement, S.A.E.*,
   No. 216CV01001CASAFMX, 2016 WL 927136 (C.D. Cal. Mar.
   9, 2016) .............................................................................................................9

*Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*,
   614 F.2d 1247 (9th Cir. 1980) ........................................................................12

*Walden v. Fiore*,
   571 U.S. 277 (2014) .......................................................................................11

**Statutes**

Cal. Civ. Proc. Code § 410.10 ...............................................................................5, 7

## I. INTRODUCTION

This lawsuit arises from a product placement and co-promotional campaign by the French automotive brand Automobiles Peugeot SA ("Peugeot") for the film *Blade Runner 2049* ("BR2049"). The film was co-produced by Plaintiff Alcon Entertainment, LLC ("Alcon"), which initially brought this action on January 11, 2019, against Peugeot and Isabel Salas Mendez, an employee of Peugeot, alleging, *inter alia*, breach of contract and fraud because Peugeot did not make payment for placing a futuristic Peugeot flying concept car—the "Spinner"—in the film as the vehicle assigned to the film's star, Ryan Gosling. Alcon alleged that Peugeot also refused to run a co-promotional campaign outside North America to promote the Spinner as well as the film.

On February 28, 2019, Alcon amended its complaint to add the corporate successor to Peugeot's French agent for the project, the Casablanca Agency ("Casablanca"), since merged into moving party Publicis Media France, S.A. ("Publicis Media France").[1] Am. Compl., Dkt. No. 8, ¶ 49. The Amended Complaint alleges that Casablanca operated as an agent for Peugeot in negotiating the placement and co-promotion. *Id.*, ¶¶ 142-46. The actual vehicle placed in the film was designed by Yang Cai, a Peugeot contract designer, *Id.*, ¶¶ 162, 173, and Peugeot retained another agency altogether, BETC, for the co-promotion. *Id.*, ¶ 199.

Publicis Media France is organized and operates under French law with its principal place of business in Paris, France. *Id.*, ¶ 48. Alcon nevertheless attempts to exercise both general and specific jurisdiction over Publicis Media France. For the reasons outlined below, Alcon's effort to assert jurisdiction over Publicis Media France fails because it is not subject to personal jurisdiction in California.

---

[1] Following the parties' meet-and-confer regarding this motion, Alcon has dismissed Publicis Groupe, S.A., Hervé Montron and Mamou Sissoko pursuant to Rule 41. Dkt. No. 53.

1
PUBLICIS MEDIA FRANCE, S.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

## II.     FACTUAL ALLEGATIONS

### A.     The Parties.

Alcon is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Los Angeles California. Am. Compl., ¶ 33. Alcon alleges that it is a co-producer and distributor of BR2049, and the assignee of all claims and potential claims relating Peugeot's product placement and co-promotion of that film. *Id.*, ¶ 34-35.

Publicis Media France is a French *societé anonyme* (the U.S. equivalent of a corporation) engaged in advertising and public relations, with its principal place of business in Paris, France. *Id.*, ¶ 48. Publicis Media France is the successor-in-interest to Casablanca. *Id.*, ¶ 49. At the times relevant to this lawsuit, as described in the accompanying Declaration of Gautier Picquet, CEO of Publicis Media France, Casablanca engaged in marketing activities in France, providing services for French clients, until its dissolution. Picquet Decl., ¶ 17. Prior to its dissolution, Casablanca did not operate in or provide services to clients in the United States or, specifically, California. *Id.*, ¶¶ 11-13, 17, 19.

Publicis Media France is a subsidiary of MMS France Holdings, which itself is a subsidiary of the ultimate parent holding company Publicis Groupe, S.A.  Publicis Groupe, S.A., as described in the Amended Complaint, is also a French *societé anonyme* with its principal place of business in Paris, France. Am. Compl., ¶ 48. Publicis Groupe itself is headquartered at 133, Avenue des Champs-Elysées in Paris. It is licensed under Paris Trade Register No. 542 080 601. Picquet Decl., ¶ 14. It is traded on the Euronext Paris exchange under number FR0000130577, CAC 40.  *Id.*

The Publicis agencies held by the Groupe are divided into four solutions hubs: Publicis Media, Publicis Communications, Publicis Sapient and Publicis Healthcare. *Id.*, ¶ 15. The hubs, in turn, are comprised of agencies owned in geographically distinct holding companies which operate in over 100 countries. *Id*. A simplified organizational chart of Publicis Groupe and its holdings appears below as described in M. Picquet's Declaration at ¶ 16.



As the chart reveals, Publicis Groupe's French subsidiaries are held through a French subsidiary of the Groupe, MMS France Holdings, S.A. The Groupe's U.S. holdings are held indirectly through an entirely different line of companies owned by Publicis Groupe Investments BV, which is organized in The Netherlands. Publicis Groupe Investments BV, in turn, owns MMS USA Holdings, Inc., which is organized under the laws of the State of New York and has its principal place of business in New York. MMS USA Holdings in turn owns the Publicis U.S. subsidiary agencies. The chart correctly shows that the US operating entities of Publicis Groupe are wholly distinct from MMS France Holdings, the immediate parent of Publicis Media France.

Publicis Groupe itself does not do business in the United States, *id.*, ¶¶ 5-7, 15, and has been found to be beyond the jurisdiction of American courts. *T-4 Corp. v. McDonald's Corp.*, No. CV 17-08-M-DLC, 2017 WL 3037422 (D. Mont. July 17, 2017), appeal dismissed, No. 17-35652, 2017 WL 5565259 (9th Cir. Nov. 7, 2017) (dismissing Publicis Groupe as a defendant for lack of personal jurisdiction after finding that an "alter-ego" or "parent company" theory was without merit). Similarly, Publicis Media France does not have operations in the United States. Picquet Decl., ¶¶ 8-10, 19.

PUBLICIS MEDIA FRANCE, S.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Messrs. Montron and Sissoko are French citizens and residents who were employed by Casablanca until late 2017. Am. Compl., ¶¶ 52-53. Consistent with the work of Casablanca, during the course of their employment with Casablanca, Messrs. Montron and Sissoko worked for clients within France on product placements, promotions and endorsements, as described in the accompanying Declaration of Mamou Sissoko, Director of Product Placements for Casablanca. Sissoko Decl., ¶ 5. The only time that either of the individual defendants traveled to California for business during their careers with Casablanca was in January of 2017, when they were invited by Alcon to attend meetings in Los Angeles, California. Am. Compl., ¶ 200. Sissoko Decl., ¶ 23.

### B. Alcon's Bases for Asserting Personal Jurisdiction.

The Amended Complaint alleges both specific and general personal jurisdiction in California over Publicis Media France, including through the actions of Messrs. Sissoko and Montron. Am. Compl., ¶¶ 19-25.

The Amended Complaint incorrectly treats Publicis Groupe and Publicis Media France, two separate legal entities with two sets of unique relationships to the underlying factual allegations, as if they were one and the same. *See e.g.*, Am. Compl., ¶ 8 ("Publicis Groupe and Publicis Media [France] are sometimes referred to herein as 'Publicis.'") Without differentiation, the Amended Complaint alleges that "Publicis has continuous and systematic contacts with the State of California" such that California may assert general jurisdiction over "Publicis." The Amended Complaint's factual basis for the assertion of unlimited jurisdiction over "Publicis" in California is limited to a single paragraph:

> "Publicis's" California continuous and systematic California business included transactions with or involving Hollywood film and television producers and distributors for product placements, media spends and advertising involving motion picture and television products and other entertainment products.

*Id.*, ¶ 19.

Alternatively, the Amended Complaint attempts to assert specific jurisdiction over Publicis Media France based on its "purposeful availment" of the rights and privileges of doing business in California based on: (1) "'Publicis' directing false statements and other tortious conduct toward Plaintiff . . . whom 'Publicis' knew to be citizens and residents" of California; (2) "Publicis" signing a confidentiality contract that included a California choice of law provision; and (3) "Publicis" acting as an agent for Peugeot in negotiations between Peugeot and Alcon relating to BR2049 when "[s]ubstantial portions of pre-production, production, editing, marketing, and advertising . . . would be and were done in California." *Id*., ¶¶ 20-21.

The Amended Complaint alleges specific jurisdiction over Publicis Media France through the actions of Messrs. Sissoko and Montron on nearly identical grounds. According to the Amended Complaint: (1) Mr. Sissoko and Mr. Montron "directed [] activities" toward Plaintiff; (2) Mr. Sissoko and Mr. Montron "intentionally made and directed tortiously false statements and conduct toward Plaintiff"; (3) Mr. Sissoko and Mr. Montron participated in negotiating and signing contracts as an agent for Peugeot, which included a confidentiality agreement with a California choice of law provision; and (4) Mr. Sissoko and Mr. Montron personally sent, and directed others to send "multiple emails to Plaintiff." *Id*., ¶¶ 22-25. Additionally, the Amended Complaint alleges that, at Alcon's invitation, Mr. Sissoko "attended meetings" at Alcon's California offices relating to BR2049. *Id*., ¶ 25.

### III. LEGAL STANDARD

The exercise of personal jurisdiction must comport with the relevant forum's state law and the Due Process Clause of the United States Constitution. The requirements under California law and the Constitution are coextensive. *See* Cal. Civ. Proc. Code § 410.10. (California courts may exercise jurisdiction "[o]n any basis not inconsistent with the Constitution of this state or of the United States."). Under the Due Process Clause, a foreign defendant with have "certain minimal contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (internal quotations and citations omitted).

Like most plaintiffs, Alcon asserts both general and specific jurisdiction over Publicis Media France. Because the assertion of general jurisdiction allows courts to exercise broader judicial authority, the plaintiff invoking *general* jurisdiction must meet the "exacting standard" of minimum contacts. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). The defendant's contacts with the jurisdiction must be "so continuous and systematic" as to render the foreign defendant "essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11 (2014). This requirement usually is limited to a corporation's place of incorporation or principal place of business. *Id*., at 760. The plaintiff invoking general jurisdiction must establish an "exceptional case" in order to exercise general jurisdiction anywhere other than those two locations. *Id*., at 761 n.19.

In order to establish *specific* jurisdiction, plaintiff also bears the burden of establishing personal jurisdiction over the foreign defendant. *Smartstop Self Storage Operating P'ship L.P. v. Can-Dev, ULC*, No. SACV1501415CJCDFMX, 2015 WL 13322430, at *2 (C.D. Cal. Oct. 26, 2015). Alcon therefore must satisfy three elements to warrant this Court's exercise of specific personal jurisdiction over Publicis Media France: (1) Publicis Media France must have invoked the benefits and protections of the forum by purposefully directing its activities or consummating a transaction with a resident of California, or performed some act by which it purposefully availed itself of the privilege of conducting activities in California; and (2) the claim must arise out of or relate to Publicis Media France's California-related activities; if Alcon satisfies *both* of these elements, the court still must determine that (3) the exercise of jurisdiction over Publicis Media France is reasonable, which in this case means it must comport with notions of fair play and justice. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state and the court need not reach the third prong. *Id*.

For purposes of a 12(b)(2) motion, courts accept uncontroverted facts in plaintiff's pleadings as true. *Smartstop*, 2015 WL 13322430, at *2. However, a court "may not assume the truth of the allegations in a pleading which are contradicted by affidavit." *Id*. Here, Publicis Media France has submitted Declarations establishing the facts of its activities – or more precisely its lack of activities – in California and that Alcon's claims do not arise out of or relate to actions by Publicis Media France in California. There is neither general nor specific jurisdiction over Publicis Media France for this action.

## IV.   ARGUMENT

### A.   General Jurisdiction Is Not Appropriate over Publicis Media France Because Its California Contacts Are Not So Continuous or Systematic as to Render It "At Home" in California.

The federal courts follow California state law in determining their jurisdiction over foreign parties. *See, e.g.*, *Smartstop,* 2015 WL 13322430*,* at *2 ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the court sits.") California's long-arm statute permits California courts to exercise jurisdiction "[o]n any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Accordingly, the boundaries of this Court's jurisdiction are determined by the limits of constitutional due process, which does not support general jurisdiction over a foreign corporation with only one limited transaction in California.

In *Daimler AG v. Bauman*, the Supreme Court held that unless it is "an exceptional case," a corporation is not subject to general personal jurisdiction in a forum where it is not incorporated and where it does not maintain a principal place of business. 134 S. Ct. at 760-62, 761 n.19. The "exceptional case" is one where the defendant's affiliations with the forum state are "[s]o continuous and systematic as to render them essentially at home in the forum state." *Id*., at 754 (internal citations and quotations omitted). Here, the Amended Complaint concedes that Publicis Media France is not incorporated and does not maintain its principal place of business in California. Am. Compl., ¶ 48. Accordingly, Publicis

Media France may not be haled into California unless the Amended Complaint presents the "exceptional case."

And here, Alcon fails because the Amended Complaint does not set forth *any* facts alleging that Publicis Media France is an exceptional case. Indeed, Alcon alleges only its conclusion that "'Publicis' had "continuous and systematic California business dealings" with film and television producers and distributors, not that California was Publicis Media France's home. *Id*., ¶ 19. A finding of general jurisdiction on this scant allegation would nullify the Supreme Court's jurisdictional test: "A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 134 S.Ct. at 762 n.20, 761 ("[A]pprov[al] . . . of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' . . . is unacceptably grasping.")

The cases governing this inquiry require Alcon to allege much more to succeed. For example, in *Dillon v. Avis Budget Grp., Inc.*, this Court granted Avis's motion to dismiss for lack of personal jurisdiction, holding that the plaintiff had presented "no convincing arguments" that Avis was the "exceptional case." No. CV 18-3870-MWF (JCX), 2018 WL 3475529, at *4 (C.D. Cal. July 13, 2018) (Fitzgerald, J.). The Court expressly rejected allegations of "continuous and systematic" contacts far more intensive than Alcon can allege here, including Avis's registration to do business in California, operation of 184 rental locations in California, and maintenance of 32 car sale locations in California, *Id*., at *2-3; *see also*, *AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) (declining to exercise jurisdiction where doing so "[w]ould subject a large bank to general personal jurisdiction in any state in which the bank maintains a branch.") Mere presence in the state, even a "continuous and systematic" presence, is not enough to conclude that a corporation incorporated elsewhere with its principal place of business elsewhere is subject to general jurisdiction in California.

The Amended Complaint's broad and non-specific allegations that Casablanca had *some* business dealings involving California does not satisfy Alcon's burden to show that

its successor, Publicis Media France, is "at home" in California. *Daimler*, 134 S.Ct. at 761. Nor would that conclusion be consistent with the reality of Publicis Media France's actual business activities: Publicis Media France, a *societé anonyme* organized and existing under French law with its principal place of business in France, is a subsidiary of MMS France Holdings S.A., also a *societé anonyme*, and an indirect subsidiary of its ultimate parent, the French holding company mentioned in the Amended Complaint, Publicis Groupe, S.A. The lines of ownership shown in the chart at page 3 above make very clear Publicis Media France and its parental line of French companies are at home in France, not in California.

But there is more to which the Court may look to conclude it has no jurisdiction: Publicis Media France does not operate in the United States or, more specifically, in California. Picquet Decl., ¶ 19. Publicis Media France has no office, employees or physical presence in California. *Id*., ¶¶ 5, 9. Publicis Media France does not use, own, or rent any real or personal property in California. *Id*., ¶¶ 6, 10. And Publicis Media France is not licensed to do business in California. *Id*., ¶¶ 7-8.

Nor may the California business dealings of a Publicis Groupe subsidiary that may operate in California be imputed to Publicis Media France without establishing an alter-ego relationship between them, which Alcon does not even attempt to do. *Ranza*, 793 F.3d at 1070-71 ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction. A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities.") (internal quotations and citations omitted). *See, e.g., Tahaya Misr Investment, Inc. v. Helwan Cement, S.A.E.*, No. 216CV01001CASAFMX, 2016 WL 927136, at *5 (C.D. Cal. Mar. 9, 2016) (dismissing a foreign defendant where "[p]laintiff has provided the court with nothing more than its assertion that '[t]here is such unity of interest and ownership between [defendants] that their separate personalities no longer exist . . . . Such conclusory statements are insufficient; a plaintiff must plead *facts* to meet its prima facie burden.") (emphasis in original). *See also T-4 Corp. v. McDonald's Corp.*, No. CV 17-08-M-DLC, 2017 WL 3037422 (D. Mont.

July 17, 2017), appeal dismissed, No. 17-35652, 2017 WL 5565259 (9th Cir. Nov. 7, 2017) (dismissing Publicis Groupe as a defendant for lack of personal jurisdiction).

That leaves the allegations against Publicis Media France as the corporate successor by merger to Casablanca and the employer of Messrs. Sissoko and Montron. But those allegations concerning Casablanca's activities as Peugeot's agent for Peugeot's dealings with Alcon do not make California a "home" for Casablanca. These allegations are, rather, an attempt to assert specific jurisdiction, which they fail to do as made clear in the next section. Neither sending emails about activities that will take place outside of California, s*ee Smartstop,* 2015 WL 13322430, at *2, nor inviting M. Sissoko to California for a meeting in Los Angeles when that visit to California is the only time M. Sissoko visited California for business, is enough to establish general jurisdiction over Casablanca or, by extension, over Casablanca's successor by merger, Publicis Media France. *See HK China Grp., Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 F. App'x 664, 666 (9th Cir. 2011).

### B. Publicis Media France Did Not Purposefully Avail Itself of California Benefits in Order To Establish Specific Jurisdiction.

Alcon asserts specific jurisdiction over Publicis Media France on substantially identical, and identically failing, grounds as those alleged to support general jurisdiction. The preceding section makes clear that the conclusory assertion that jurisdiction exists because Publicis Media France "directed its activities towards Plaintiff, who [the defendant] knew to be a citizen and resident of the State of California," Am. Compl., ¶¶ 20, 22, 24, cannot sustain general, let alone specific, jurisdiction over Publicis Media France. And the allegation that Publicis Media France "purposefully availed" itself of the rights and privileges of doing business in California by "participating in directing false statements and other tortious conduct toward Plaintiff" simply does not pass muster. Am. Compl., ¶¶ 20, 22, 24.

"Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated

contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Therefore, "[t]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*, at 285. *Dillon*, 2018 WL 3475529, at *5 ("The only link between California and the facts giving rise to this case is Plaintiff himself. The Supreme Court has made clear that, in the context of specific jurisdiction, the plaintiff cannot be the only link between the defendant and the forum.") (internal quotations and citations omitted).

At base, the predicate of Alcon's claims against Publicis Media France is the allegation that Casablanca and its employees, Messrs. Sissoko and Montron, corresponded by email from France with Alcon and its business partners, and made one visit to Alcon in Los Angeles. *See* Am. Compl., ¶¶ 22-25. That one visit – the only business visit ever made by Casablanca personnel to California – occurred in January 2017. Am. Compl., ¶¶ 200, 205. Messrs. Sissoko and Montron were invited by Alcon to its office for a "kickoff" meeting for the co-promotion. Am. Compl., ¶ 200; Sissoko Decl., ¶¶ 21-22. As alleged in the Amended Complaint, the purpose of the meeting was so that Alcon could "show the placement and other creative materials" to Peugeot, Peugeot's creative promotion agency BETC, and Casablanca. Am. Compl., ¶ 200. No Casablanca employee ever traveled to California for any other business purpose or at any other time. Sissoko Decl., ¶ 23. Alcon makes that visit, along with its email correspondence with Messrs. Sissoko and Montron in France, the foundation of both tort and contract claims. But neither Casablanca's emails from France nor its one visit are enough to subject Publicis Media France to personal jurisdiction in this Court.

### 1. Alcon's Tort Theory Does Not Establish Jurisdiction.

Alcon asserts that Publicis Media France's tortious conduct was aimed at Alcon in California and therefore supports specific jurisdiction over the French company. As the Ninth Circuit has held, however, merely causing an injury to a party in the forum (and knowing that the party lived in the forum) does not confer jurisdiction unless the foreign

defendant intentionally committed an act expressly aimed at the forum. *Schwarzenegger*, 374 F.3d at 805-807 (9th Cir. 2004). For example, in *Schwarzenegger*, the Court affirmed the dismissal of a California resident's claim – by no less than Arnold Schwarzenegger while he was the sitting Governor of California – that an Ohio car dealership had used Mr. Schwarzenegger's likeness in advertisements (before his election) without legal authority. *Id*., at 799. In the first instance, the Court determined that there was no basis for concluding that the car dealer "availed" itself of anything in California because it "received no benefit, privilege, or protection from California in connection with the Advertisement." *Id.*, at 803. Similarly here, Alcon alleges nothing that shows that Publicis Media France obtained a "benefit, privilege, or protection from California" in connection with the BR2049 project; those "privileges" were drawn for Alcon.

  The emails between Casablanca and Alcon are not enough to establish jurisdiction over Casablanca in California. Am. Compl., ¶¶ 23, 25. The relevant inquiry is whether Casablanca intended to develop "continuing and extensive involvement with the forum" when introducing Peugeot to Alcon for the non-U.S. part of the film's promotion. *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991). *Smartstop* disposes of the theory that, because Casablanca "personally sent, and directed others to send, multiple emails to Plaintiff . . ." about a promotion outside North America, Casablanca had a continuing presence in California. Am Compl., ¶ 23. The *Smartstop* court dismissed such claims on 12(b)(2) grounds because "calls and emails did not allow or promote the transaction of business within the forum state." (internal quotations omitted). *Smartstop,* 2015 WL 13322430, at *3; *see also Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (concluding "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.") (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980)).

  Alcon's theory that tortious conduct was "aimed at" California, where Alcon allegedly suffered its injuries, fares no better. In *Schwarzenegger,* the actor asserted that

the car dealer's alleged misappropriation of his onscreen persona as The Terminator was "aimed" at California. *Schwarzenegger,* 374 F.3d at 799-800. The Court rejected that argument, holding that the Ohio dealership did not "expressly aim" its intentional acts at California because the relevant advertisement was directed to consumers in Ohio, not California. *Id*., at 807. Similarly, here, the Product License Agreement Alcon uses to describe the "Territory" of Peugeot's contemplated promotional activities expressly *excluded* all of the United States. Am. Compl., ¶ 217(n).

Finally, the "short trip" taken by Casablanca employees to California in 2017 did not establish jurisdiction over Publicis Media France. In *HK China Grp., Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*, the Court considered *numerous* meetings between the parties in California yet concluded that a "temporary physical presence" was insufficient "to overcome the lack of any indicia of a calculated effort by [the defendant] to conduct business in California." 417 F. App'x at 666 (citing *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co*., 828 F.2d 1439, 1443 (9th Cir. 1987)). Alcon's reliance on Messrs. Sissoko and Montron accepting Alcon's invitation to travel to a one-day meeting in California, Am. Compl., ¶ 25, Sissoko Decl., ¶¶ 22-23, does not establish jurisdiction over Publicis Media France.

### 2. *Alcon's Contract Theory Does Not Establish Jurisdiction.*

It is clear from the Amended Complaint that neither the product placement nor the co-promotion was intended to take place in California. First and foremost, Casablanca signed a draft contract as agent for Peugeot, its disclosed principal, and that document is *not* alleged to be the operative contract in this dispute. Am. Compl., ¶¶ 201, 322. Second, work on the product placement took place in Hungary, where Alcon shot the film and where Peugeot sent its designers to work on the Spinner. Am. Compl., ¶¶ 93, 162. Third, the co-promotion that Alcon says should have been mounted by Peugeot was to be performed *outside of North America*. Am. Compl., ¶¶ 153(i), 217(n). Fourth, performance of the co-promotion by a Peugeot agency was by BETC, not Casablanca, Am. Compl., ¶ 199. There

is absolutely nothing that Casablanca contracted to do in California that supports a finding of specific jurisdiction over Publicis Media France.

The only other "contract" Alcon alleges is a non-disclosure form signed by Mr. Sissoko in order to access the Budapest lot on which the film was shot in Hungary because the contract included a California choice of law provision. Am. Compl., ¶¶ 21, 142;. But as the *Smartstop* court recognized, "[i]t is well settled that a choice-of-law provision 'standing alone [is] insufficient to confer jurisdiction." *Smartstop*, 2015 WL 13322430, at *3; *see also Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.,* 757 F.2d 1058, 1063 n.6 (9th Cir. 1985) (holding "[t]he fact that a contract is governed by the law of a particular state does not establish that the [defendants] have purposefully availed themselves of the privilege of conducting business in that state"). *Cf. Cubbage v. Merchent*, 744 F.2d 665, 670 (9th Cir. 1984) (noting that "choice of law is a separate inquiry from that of personal jurisdiction"). That is all the more true when the NDA – a document that is at best tertiary to the oral "agreement" on which Alcon relies – was signed in France to ensure the confidentiality of things being shown to Casablanca in Budapest. Sissoko Decl., ¶ 19. There is no contract that supports jurisdiction over Publicis Media France in California.

## V. CONCLUSION

Plaintiff's attempt to assert jurisdiction over a French corporation with no significant ties to California is not supported by the law of this Circuit, the long-arm statute of the State of California, or the Due Process Clause of the Constitution. For the reasons set forth above, Publicis Media France respectfully requests that this Court dismiss Alcon's claims against it for lack of personal jurisdiction and afford Publicis Media France such other relief that the Court deems appropriate.

DATED: June 18, 2019

        STEPTOE & JOHNSON LLP

        By   /s/ *Robyn C. Crowther*
           Robyn Crowther

           633 West Fifth Street, Suite 1900
           Los Angeles, California 90071
           Telephone: (310) 439-9400

           Michael Dockterman (*admitted pro hac vice*)
           Mikiko Thelwell (*admitted pro hac vice*)
           115 South LaSalle Street, Suite 3100
           Chicago, Illinois 60603
           Telephone: (312) 577-1300

        *Attorneys for Publicis Media France, S.A.*