UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 19-00245-CJC(AFMx)            Date: October 30, 2019

Title: <u>ALCON ENTERTAINMENT, LLC V. AUTOMOBILES PEUGEOT SA, *ET AL.*</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Gabriela Garcia</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART AND DENYING IN PART PLAINTIFF AND DEFENDANTS' APPLICATIONS TO FILE UNDER SEAL [Dkts. 109, 117, 119, 124, 128] AND GRANTING THIRD-PARTY BRANDED ENTERTAINMENT NETWORK APPLICATIONS TO FILE UNDER SEAL [Dkts. 122, 129, 131]**

**Introduction and Background**

      Plaintiff Alcon Entertainment, LLC brings this action against Defendants Automobiles Peugeot SA ("Peugeot"), Isabel Salas Mendez, Publicis Media France SA ("Publicis"), and Does 1 through 10. (Dkt. 8 [First Amended Complaint].) Defendants moved to dismiss for lack of personal jurisdiction and for *forum non conveniens*. (Dkts. 22, 56.)

      To help resolve these motions, the Court granted Alcon's application to serve a jurisdictional discovery subpoena to non-party Branded Entertainment Network ("BEN"). (Dkt. 73.) Magistrate Judge MacKinnon issued a Stipulated Protective Order for BEN's confidential business records. (Dkt. 96.) The parties then submitted supplemental briefing and exhibits based on the results of this discovery.

      In September 2019, Alcon submitted an application to file under seal a second supplemental brief related to jurisdictional discovery and attached exhibits. (Dkt. 99.) It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 19-00245-CJC(AFMx)            Date: October 30, 2019
                                                                                                                 Page 2

---

filed over 700 pages of exhibits from the BEN discovery. (*Id.*) Publicis also filed an application to file under seal its responsive brief with attached exhibits from discovery. (Dkt. 110.) In a previous order, the Court denied both applications without prejudice based on Alcon and Publicis's failure to confer with BEN and to attempt to eliminate or minimize the need for filing under seal by means of redaction, as required by Local Rule 79-5.2.2(b). (Dkt. 115.) The Court directed Alcon and Publicis to refile their application after consulting with BEN. (*Id.*)

The Court now addresses their renewed applications, as well as other pending applications to file under seal related to the BEN discovery materials. In a concurrently issued order, the Court denies Defendants' pending motions to dismiss (the "Dismissal Order").

**<u>Legal Standard</u>**

The public has a common law right of access to public records and documents, including judicial records and documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this strong presumption in connection with a dispositive motion bears the burden of showing "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678. Records filed in connection with non-dispositive motions can be sealed only upon a "particularized showing" of good cause. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). After balancing competing interests, a court can seal records filed in connection with a non-dispositive motion "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting Fed. R. Civ. P. 26(c)).

Defendants' underlying motions to dismiss for lack of personal jurisdiction are only "tangentially related to the merits of [the] case." *See id.* at 1101 (setting out standard for determining whether motion is dispositive). Accordingly, the Court determines that these motions are non-dispositive and applies the good cause standard. *See id*; *Kellman v. Whole Foods Market, Inc.*, 2018 WL 6728000, at *3 (N.D. Cal. Dec.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 19-00245-CJC(AFMx)            Date: October 30, 2019
           Page 3

---

21, 2018) (motion to dismiss for lack of personal jurisdiction is non-dispositive); *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007) (same).

**I.     Alcon's Application to File Under Seal (Dkt. 124)**

Alcon has resubmitted its initial application and now seeks leave to file under seal parts of its second supplemental brief and all or parts of the attached exhibits. (Dkt. 124.) BEN has submitted a declaration in support. (Dkt. 131.) In general, Alcon seeks to seal evidence, testimony, and information related to BEN's non-party clients, internal communications between BEN's employees, and BEN's internal business practices.

Much of the information that Alcon seeks to seal, including the names of BEN's non-party clients and BEN's communications, is irrelevant to Defendants' motions to dismiss. The release of this information may also cause annoyance or embarrassment. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016). For good cause shown, Alcon's application is **GRANTED IN SUBSTANTIAL PART**.

Because the Court concurrently rules on the underlying motions to dismiss, Alcon is instructed *not* to file any additional sealed or public versions of the relevant documents. The Clerk is instructed to **MAINTAIN UNDER SEAL** the documents in Dockets 101 and 125.

As explained in the Dismissal Order, Alcon's application is **DENIED IN PART** to the extent that the Dismissal Order relies on testimony and evidence concerning BEN's internal business practices and BEN's role in the instant dispute. This information is pivotal to the case at hand, and its disclosure is unlikely to cause annoyance, embarrassment, oppression, or undue burden or expense. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Court therefore finds that there is not good cause to shield this information from the public. *See id.*; Fed. R. Civ. P. 26(c).

**II.     Peugeot and Mendez's Application to File Under Seal (Dkt. 109)**

Defendants Peugeot and Mendez (collectively, "Peugeot Defendants") seek leave to file under seal their reply to Alcon's second supplemental brief. (Dkt. 109.) For good cause shown and the reasons set out of above, this application is **GRANTED IN SUBSTANTIAL PART**. Because the Court concurrently rules on the underlying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 19-00245-CJC(AFMx)                  Date: October 30, 2019
                                                                                                        Page 4

---

motions to dismiss, Peugeot is instructed *not* to file any additional sealed or public versions of the relevant documents.  The Clerk is instructed to **MAINTAIN UNDER SEAL** the documents in Docket 112.

       The application is **DENIED IN PART** to the extent the Court relies on these records in its Dismissal Order.

### III.    Publicis's Applications to File Under Seal (Dkts. 117, 119, 128)

       Publicis has resubmitted its initial application and now seeks leave to file under seal parts of its reply to Alcon's second supplemental brief and all or parts of the attached exhibits.  (Dkts. 110, 119, 128.)  Publicis also asks the Court to seal the publicly filed and redacted version of its reply at Docket 108 (the "Redacted Reply") and for leave to file a Redacted Reply with additional redactions.  (Dkt. 117.)  Publicis contends that the Redacted Reply still contains information that BEN considers to be confidential and subject to the Protective Order.  (*Id.* at 3.)  BEN has submitted declarations in support.  (Dkts. 122, 129.)

       Publicis's request that the Court seal or strike the Redacted Reply (Dkt. 108) is **DENIED**.  Publicis's request to file a further redacted reply is also **DENIED**.  These requests are based on the Redacted Reply's description of BEN's business practices and business model.  As discussed in the Dismissal Order, this information is highly relevant to the case at hand.  The Court finds that there is not good cause to shield this information from the public.  See *id.*; Fed. R. Civ. P. 26(c).

       For good cause shown and the reasons set out of above, the remainder of Publicis's applications to file under seal are **GRANTED IN SUBSTANTIAL PART**.  Because the Court concurrently rules on the underlying motions to dismiss, Publicis is instructed *not* to file any additional sealed or public versions of the relevant documents.  The Clerk is instructed to **MAINTAIN UNDER SEAL** the documents in Dockets 51, 111, 118.

       Publicis's applications are **DENIED IN PART** to the extent the Court relies on these records in its Dismissal Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 19-00245-CJC(AFMx)　　　　　　　　　　Date: October 30, 2019
　　　　　　　　　　　　　　　　　　　　　　　　Page 5

### IV.　BEN's Application to File Under Seal (Dkts. 122, 129, 131)

A designating third-party may file a declaration in support of an application to seal protected records.  Local Rule 79-5.2.2(b)(i).  This declaration shall be "closed to public inspection."  (*Id.*)  BEN's applications to file under seal declarations and exhibits in support of the parties' applications to file under seal are therefore **GRANTED.**  (Dkts. 122, 129, 131.)


af

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk GGA